IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| **KATHERINE WEST & GEORGE WEST,**<br>    Plaintiffs,<br><br>v.<br><br>**WAL-MART STORES, INC.,**<br>    Defendant. | **LAW NO.** _____<br><br><br>**ORIGINAL NOTICE** |

**TO**:   Wal-Mart Stores, Inc.

Served at their Registered Agent in the State of Iowa:

CT Corporation

400 East Court Ave.

Des Moines, IA 50309

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The attorney for the plaintiff(s) is:

Kyle Savage, Savage Larson, PLC, 3775 EP True Pkwy, Ste. 190, West Des Moines, IA 50265. The attorney's telephone number is (515) 335-8456. Fax number is (515) 335-8419. Email is Kyle@SavageLarson.com.

You are further notified that the above case has been filed in a county that utilizes electronic filing. You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for

Pottawattamie County, at the county courthouse located Council Bluffs, IA. If you do not, judgment by default may be rendered against you for the relief demanded in the petition. Please see Iowa Court Rules Chapter 16, Division IV regarding the protection of personal information in court filings.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (563) 328- 4145. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

E-FILED 2024 MAY 20 10:34 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

Case No. **LACV125314**
County **Pottawattamie**

Case Title   **KATHERINE WEST AND GEORGE WEST V. WAL-MART**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-4753** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

Date Issued  **05/20/2024 10:34:42 AM**



District Clerk of Court or/by Clerk's Designee of  Pottawattamie    County
**/s/ Arran Nailor**

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| **KATHERINE WEST & GEORGE WEST,**<br>    Plaintiffs,<br><br>v.<br><br>**WAL-MART STORES, INC.,**<br>    Defendant. | **LAW NO.** _____<br><br>**PETITION AT LAW AND JURY DEMAND** |

**COMES NOW** the Plaintiffs, Katherine West and George West, for cause of action state as follows:

### JURISDITION AND PARTIES

1. *PLAINTIFFS*: Katherine West and George West, individuals residing in Pottawattamie County, Iowa, at all times material hereto.

2. *DEFENDANT*: Wal-Mart Stores, Inc. (hereinafter "Wal-Mart") is an Arkansas corporation doing business in the State of Iowa and can be served through its registered agent, CT Corporation System in Des Moines, IA.

3. *VENUE*: The district court has jurisdiction over the subject matter of this action and over the Defendant. Venue is proper in this court as the incident occurred in Pottawattamie County, Iowa, and the defendant conducts business within this jurisdiction.

4. *JURISDICTIONAL LIMIT*: The damages sought herein exceed the jurisdiction prescribed in Iowa Code §631.1.

1

## PARTICULARS

5. At all times material hereto, Defendant owned, operated, and maintained the Wal-Mart Supercenter located at 1800 N 16th St., Council Bluffs, IA 51501.

6. On or about May 21, 2022, at approximately 10:00 AM, Katherine West was lawfully on the premises of the aforementioned Wal-Mart Superstore.

7. Within said premises on or about May 21, 2022, merchandise pallets or similarly heavy objects were near the entrance.

8. While walking within said premises, Katherine encountered an unmarked plastic lasso laying on the ground.

9. The plastic lasso was an uncut loop of pallet binding or other such material, anchored to the aforementioned merchandise pallet or similarly heavy object.

10. Katherine tripped on the plastic lasso and fell to the ground.

11. The fall directly resulted in bodily injuries and the damages as described hereinafter.

## PUNITIVE DAMAGES PURSUANT TO IOWA CODE § 668A.1

12. Walmart's conduct constituted willful and wanton disregard for the rights or safety of Katherine West; therefore, in addition to the actual damages, Plaintiff is entitled to punitive and exemplary damages under Iowa Code § 668A.1.

## COUNT I – NEGLIGENCE

13. Plaintiffs restate and reallege paragraphs 1-12, incorporated by reference.

14. Defendant knew, or in the exercise of reasonable care should have known, about the aforementioned unmarked plastic lasso.

15. Defendant knew, or in the exercise of reasonable care, should have known the aforementioned unmarked plastic lasso involved an unreasonable risk of injury to a person in Katherine's position.

16. Defendant knew or should have known that a person in Katherine's position would not realize the condition presented an unreasonable risk of injury or that a person in Katherine's position would not protect themselves from the condition.

17. Defendant was negligent in any one of or combination of the following:
    a. Failure to properly inspect walkways at this particular store,

3

    b. Failure to remove tripping hazards from an object placed in a main walkway,

    c. Failure to maintain safe walkways for customers,

    d. The maintenance of their business premises, or

    e. Any such further manner as the evidence may demonstrate.

18. Defendant's negligence was the proximate cause of Katherine's injuries.

19. Defendant's negligence was the legal cause of the personal injuries and other damages sustained by Katherine.

20. As a result of Defendant's negligence, Katherine has incurred:

    a. Past and future medical expenses,

    b. Past and future pain and suffering,

    c. Past and future disability,

    d. Past and future loss of function of the mind and body,

    e. Past and future loss of enjoyment of life,

    f. Past and future increased expenses from farming the family's century farm, and

    g. Other such damages as the evidence may demonstrate.

21. Katherine should be compensated in such sum as will fully, fairly, and adequately compensate her for her damages.

**WHEREFORE,** the Plaintiffs, Katherine West and George West, pray for judgment against the Defendant in sum that will fully, fairly, and adequately compensate them for their damages, punitive damages, and for interest and costs as allowed by law.

4

## COUNT II – NEGLIGENCE – PREMISES LIABILITY

22. Plaintiffs restate and reallege paragraphs 1-21 above, incorporated by reference.

23. At all times material hereto, Defendant owned, controlled, and operated the aforementioned Wal-Mart Superstore.

24. Defendant knew, or in the exercise of reasonable care should have known, about the aforementioned unmarked plastic lasso.

25. Defendant knew, or in the exercise of reasonable care, should have known the aforementioned unmarked plastic lasso involved an unreasonable risk of injury to a person in Katherine's position.

26. Defendant knew or should have known that a person in Katherine's position would not realize the condition presented an unreasonable risk of injury or that a person in Katherine's position would not protect themselves from the condition.

27. Defendant was negligent in any one of or combination of the following:
    a. Failure to properly inspect walkways at this particular store,
    b. Failure to remove tripping hazards from an object placed in a main walkway,
    c. Failure to maintain safe walkways for customers,
    d. The maintenance of their business premises, or
    e. Any such further manner as the evidence may demonstrate.

28. Defendant's negligence was the proximate cause of Katherine's injuries.

29. Defendant's negligence was the legal cause of the personal injuries and other damages sustained by Katherine.

30. As a result of Defendant's negligence, Katherine has incurred:
    a. Past and future medical expenses,
    b. Past and future pain and suffering,
    c. Past and future disability,
    d. Past and future loss of function of the mind and body,
    e. Past and future loss of enjoyment of life,
    f. Past and future increased expenses from farming the family's century farm, and
    g. Other such damages as the evidence may demonstrate.

31. Katherine should be compensated in such sum as will fully, fairly, and adequately compensate her for her damages.

**WHEREFORE,** the Plaintiffs, Katherine West and George West, pray for judgment against the Defendant in sum that will fully, fairly, and adequately compensate them for their damages, punitive damages, and for interest and costs as allowed by law.

## COUNT III – SPOUSAL CONSORTIUM OF GEORGE WEST

32. Plaintiffs restate and reallege paragraphs 1-29 above, incorporated by reference.

33. At all times material hereto, George West and Katherine West were husband and wife.

34. The injuries to Katherine West have and will continue to adversely affect George West's spousal consortium.

35. George West should be compensated in such sum as will fully, fairly, and adequately compensate him for the value of his lost spousal consortium.

   **WHEREFORE,** the Plaintiffs, Katherine West and George West, pray for judgment against the Defendant in sum that will fully, fairly, and adequately compensate them for their damages, punitive damages, and for interest and costs as allowed by law.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

**SAVAGE LARSON, PLC**

By:  /s/ Kyle W. Savage
Kyle W. Savage, AT0014445
Original Filed:                                  3775 EP True Pkwy, Ste.190

        West Des Moines, IA 50265
        P: 515-335-8456
        F: 515-335-8419
        E: kyle@savagelarson.com
        ATTORNEY FOR PLAINTIFFS